IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Rickey O'Roy,  )
      Plaintiff,  ) No. 1:05-CV-00339-FRZ
      )
vs.  ) **ORDER**
      )
Correctional Officer Mares,  )
      Defendant.  )

Pending before the Court is Defendant's partial motion to dismiss for failure to exhaust. For the reasons stated below, the motion is granted.[1]

**Background**

Plaintiff filed a pro se First Amended Complaint ("Complaint") pursuant to 42 U.S.C. § 1983. *See* Doc. #14. Pursuant to a Screening Order, it was determined that Plaintiff stated "cognizable claims for relief under section 1983 against Defendant Correctional Officer ["CO"] Mares for retaliation and use of excessive force, in violation of the Eighth Amendment." *See* Doc. #17 at 1.

Plaintiff alleges that on January 19, 2004, he was in the prison's dining hall in Facility C eating breakfast. During breakfast, a fight broke out between other prisoners and he was not involved in the fight. Correctional officers ordered the prisoners to get down on the floor. Plaintiff complied with this order and laid down in a prone position on the floor

---

[1] The Court notes that Plaintiff received notice regarding his obligations to respond to the motion to dismiss as required under *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

approximately 20 feet away from where the actual fight was occurring. Nevertheless, Plaintiff alleges that CO Mares entered the dining hall and unjustifiably shot Plaintiff in the left thigh with his state issued "37 mm" gun which caused him great pain. In his Complaint, Plaintiff alleges both excessive force and also claims that Mares shot him in retaliation for Plaintiff previously offering testimony against Mares in an assault case brought by another prisoner.

**Discussion**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. *Id.* at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

The CDC provides an administrative grievance procedure for prisoners. *See* Cal. Code. Regs., Title 15 §3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare . . . An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision." *See id.* at §3084.1(a) and §3084.6(c). The

1  CDC provides four levels of appeal which includes the informal level, first formal level,
2  second formal level, and the third formal level which is referred to as the director's level; the
3  director's level appeal is final and exhausts all administrative remedies within the CDC. *See*
4  *id.* at §3084.5; *Irvin v. Zamora*, 161 F.Supp. 2d 1125, 1129 (S.D. Cal. 2001). An inmate
5  must proceed to the director's level to properly exhaust administrative remedies and therefore
6  prior to seeking judicial relief. *See Booth v. Churner*, 532 U.S. 731, 739 (2001).

7  Defendant's motion to dismiss concedes that Plaintiff properly exhausted his
8  excessive force claim, but stresses that Plaintiff never raised the retaliation claim in the
9  prison administrative grievance process and therefore the retaliation claim must be dismissed.
10 The Court agrees. A review of the record shows that Plaintiff never raised the retaliation
11 issue in the prison's administrative grievance process. Rather, throughout the administrative
12 process, Plaintiff claimed and submitted statements from other prisoners reflecting that CO
13 Mares unjustifiably and recklessly shot Plaintiff in the left thigh during the prison fight in the
14 dining hall despite the fact that Plaintiff was 20 feet away from the altercation laying in a
15 prone position on the floor. There is no indication in the administrative record that CO
16 Mares shot him in retaliation for Plaintiff previously offering testimony against Mares in an
17 assault case brought by another prisoner. In light of the foregoing, the retaliation claim is
18 dismissed.

19 **Conclusion**

20 Accordingly, IT IS HEREBY ORDERED as follows:
21 (1) Defendant's partial motion to dismiss (Doc. #27) is granted; Plaintiff's retaliation claim
22 is dismissed without prejudice.
23 (2) As the excessive force claim still remains in this case, and the discovery and dispositive
24 motion deadlines have now expired, the parties are directed to the Court's previously issued
25 Scheduling Order for directions pertaining to the remaining obligations of the parties in this
26 case. *See* Doc. #24 (February 2009 Scheduling Order and Attachment). If the parties believe
27 that a settlement is possible and believe that they need extra time to discuss settlement, the
28

parties may file a joint request to stay the remaining deadlines pending settlement discussions.

DATED this 18th day of February, 2010.

FRANK R. ZAPATA
United States District Judge