IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Rickey O'Roy, ) | No. 1:05-CV-00339-FRZ |
|     Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Correctional Officer Mares, ) | |
| ) | |
|     Defendant. ) | |

Pending before the Court are Defendant's motion in limine (Doc. 37) and Plaintiff's motion for the appointment of counsel (Doc. 40). For the reasons stated below, both motions are denied.

**Background**

Plaintiff filed a pro se First Amended Complaint ("Complaint") pursuant to 42 U.S.C. § 1983. *See* Doc. #14. Pursuant to a Screening Order, it was determined that Plaintiff stated "cognizable claims for relief under section 1983 against Defendant Correctional Officer ["CO"] Mares for retaliation and use of excessive force, in violation of the Eighth Amendment." *See* Doc. #17 at 1.

Plaintiff alleges that on January 19, 2004, he was in the prison's dining hall in Facility C eating breakfast. During breakfast, a fight broke out between other prisoners and he was not involved in the fight. Correctional officers ordered the prisoners to get down on the floor. Plaintiff complied with this order and laid down in a prone position on the floor approximately 20 feet away from where the actual fight was occurring. Nevertheless, Plaintiff alleges that CO Mares entered the dining hall and unjustifiably shot Plaintiff in the left thigh with his state issued "37 mm" gun which caused him great pain. In his Complaint, Plaintiff alleges both excessive force and also claims that Mares shot him in retaliation for Plaintiff previously offering testimony against Mares in an assault case brought by another

1 prisoner. In a previous Order, the Court granted Defendant's partial motion to dismiss
2 Plaintiff's retaliation claim for failure to exhaust; as such, the only remaining claim in this
3 case is the excessive force claim against CO Mares.

4 **Discussion**

5      As to Plaintiff's motion seeking counsel, there is no constitutional right to
6 appointment of counsel in a civil case. *See Hedges v. Resolution Trust Corp.*, 32 F.3d 1360,
7 1363 (9th Cir.1994); *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir.
8 1982); *Randall v. Wyrick*, 642 F.2d 304 (8th Cir. 1981); *see also Chaney v. Lewis*, 801 F.2d
9 1191, 1196 (9th Cir. 1986). As to civil cases, the only general statutory authority pertaining
10 to the appointment of counsel simply states that a "court may request an attorney to
11 represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, this
12 statute does not authorize courts to require counsel to represent such litigants, but only to
13 request representation on a *pro bono* basis. *See Mallard V. U.S. Dist. Court*, 490 U.S. 296,
14 305-05. An appointment of counsel may be designated under §1915(e)(1) only in
15 "exceptional circumstances." *Wilborn v. Escaleron*, 789 F.2d 1328, 1331 (9th Cir. 1986).
16 A finding of exceptional circumstances requires an evaluation of both "the likelihood of
17 success on the merits and the ability of the petitioner to articulate his claims pro se in light
18 of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th
19 Cir. 1983). Neither of these factors is dispositive and both must be viewed together before
20 reaching a decision of request of counsel under §1915(e)(1). *See id*. A review of the record
21 shows that Plaintiff has not demonstrated a likelihood of success on the merits at this stage
22 of the litigation. In addition, upon review of the documents Plaintiff has already filed in this
23 case, Plaintiff appears capable of articulating his claims before the Court. Accordingly, this
24 case does not present "exceptional circumstances" requiring the appointment of counsel.
25 Plaintiff's motion for the appointment of counsel (Doc. 40) is denied.

26      The only other motion pending before the Court is a very brief motion in limine filed
27 by Defendant. In that motion, Defendant argues that Plaintiff has listed two prisoners as
28 witnesses (Hally and Branson), and generally objects to them as witnesses as Plaintiff has

1  not identified the specific location of these witnesses, whether they are willing to testify, and
2  has not specified the scope of their testimony such that there is insufficient information as
3  to whether they will have any relevant testimony to offer at trial.  In his response, Plaintiff
4  states that Hally and Branson previously said they would voluntarily testify at trial, that they
5  were both there at the time of the shooting and will testify that Mares shot Plaintiff, and that
6  he has been attempting to locate and contact these witnesses.  Defendant did not file a reply.
7  Based on the record currently before the Court, Defendant's motion in limine is denied
8  without prejudice.

9       Accordingly, as discussed above, both motions (Doc. 37, 40) are denied without
10 prejudice.

11      The Court notes that it will be issuing a Second Scheduling Order[1] pertaining to trial
12 issues that should rectify any concerns that Defendant has, and will allow Defendant another
13 opportunity to file objections to witnesses after Plaintiff is required to provide more detailed
14 information and requests pertaining to witnesses he wishes to call at trial.  However, prior
15 to the issuance of the Second Scheduling Order for trial, the parties may receive another
16 Order pertaining to mediation in an effort to avoid the time and expense of a jury trial for all
17 parties in this case.

18      DATED this 28th day of February, 2011.

_____
**Frank R. Zapata**
**Senior United States District Judge**

---

[1] The Second Scheduling Order will be very similar to the Second Scheduling Order commonly issued in the Eastern District of California leading up to trial.