1

2

3

4

5

6             IN THE UNITED STATES DISTRICT COURT

7          FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9   Rickey O'Roy,                    )
                                     )   No. 1:05-CV-00339-FRZ
10           Plaintiff,              )
                                     )   **ORDER**
11   vs.                             )
                                     )
12   Correctional Officer Mares,     )
                                     )
13           Defendant.              )
    _____)

14

15        Pending before the Court are several matters related to the jury trial currently set

16   for December 6, 2011 in Fresno, California.  Previously, the Court issued an Order

17   addressing numerous issues related to trial, and also directed the parties to submit

18   documents pertaining to the attendance of witnesses, jury instructions, and voir dire.  This

19   Order addresses the remaining pretrial issues such that the Court and the parties will not

20   have to address them in the midst of trial; thus, the trial should be more streamlined for all

21   participants.

**Background**

22        Plaintiff filed a pro se First Amended Complaint ("Complaint") pursuant to 42

23   U.S.C. § 1983.  *See* Doc. #14.  Pursuant to a Screening Order, it was determined that

24   Plaintiff stated "cognizable claims for relief under section 1983 against Defendant

25   Correctional Officer ["CO"] Mares for retaliation and use of excessive force, in violation

26   of the Eighth Amendment."  *See* Doc. #17 at 1.

27        Plaintiff alleges that on January 19, 2004, he was in the prison's dining hall in

28

Facility C eating breakfast.  During breakfast, a fight broke out between other prisoners

and he was not involved in the fight.  Correctional officers ordered the prisoners to get

down on the floor.  Plaintiff complied with this order and laid down in a prone position

on the floor approximately 20 feet away from where the actual fight was occurring.

Nevertheless, Plaintiff alleges that CO Mares entered the dining hall and unjustifiably

shot Plaintiff in the left thigh with his state issued "37 mm" gun which caused him great

pain.  In his Complaint, Plaintiff alleges both excessive force and also claims that Mares

shot him in retaliation for Plaintiff previously offering testimony against Mares in an

assault case brought by another prisoner. In a previous Order, the Court granted

Defendant's partial motion to dismiss Plaintiff's retaliation claim for failure to exhaust;

as such, the only remaining claim in this case is the excessive force claim against CO

Mares.

**Appearance of Witnesses**

As to the appearance of witnesses, the Court's previous Order stated in part:

> 5) At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (i.) exhibits and (ii.) the testimony of witnesses.  It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.
>     A.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily  - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court.  The Court will not issue such an order unless it is satisfied that: (1) the prospective witness is willing to attend; and (2) the prospective witness has actual knowledge of relevant facts.  A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."  The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify

voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed. The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cell mate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred. The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court. Motions for the attendance of incarcerated witnesses, if any, must be filed on or before 7/29/11. Oppositions, if any, must be filed on or before 8/26/11 . . .

D.     Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily -   If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821. If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis. If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than 7/29/11. In order to ensure timely submission of the money orders, Plaintiff shall notify the Court of the names and locations of his witnesses, in compliance with the steps outlined in Section (5)A above (i.e., Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily), as soon as possible. Plaintiff shall file a motion, if any, for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily by no later than 7/29/11; the motion shall comply with the procedures

1   outlined in Section (5)A above.  Oppositions, if any, must be filed on or before 8/26/11.

2   *See* Doc. 25.

3        As to incarcerated witnesses who agree to testify voluntarily, Plaintiff filed a

4   motion (Doc. 47) that simply lists the names of four prisoners, lists their prison

5   identification numbers, and summarily states that they can provide material information at

6   trial.  Plaintiff's motion fails to comply with the Court's Order in any material respect.

7   For example, despite the specific instructions provided by the Court, he fails to submit

8   any declarations in accordance with the Court's Order showing that the witnesses are

9   willing to voluntarily testify voluntarily and that the witnesses have actual knowledge of

10  relevant facts.  Likewise, as to unincarcerated witnesses who refuse to testify voluntarily,

11  Plaintiff's motion (Doc. 48) simply lists the names of two witnesses and summarily states

12  that they can provide material information at trial.  Again, Plaintiff failed to comply with

13  the Court's Order in any material respect.  For example, he failed to establish that the

14  witnesses have actual knowledge of relevant facts, failed to submit any information to

15  calculate travel expenses, and failed to submit any money orders covering daily witness

16  fees.  In light of the foregoing, Plaintiff's motions (Doc. 47, 48) regarding the attendance

17  of witnesses are denied.

18  **Jury Instructions**[1]

19       In the Court's previous Order, the Court stated in part:

20       [T]he parties shall file: (a) One joint set of stipulated preliminary jury
21       instructions that both parties agree are appropriate for trial. These jury
         instructions will be read at the beginning of the case. The parties shall
22       submit the stipulated preliminary jury instructions in the exact order they
         want them read to the jury. A citation to the model jury instruction number
23       or other authority is all that is required in relation to stipulated preliminary
         jury instructions. (b) One joint set of stipulated final jury instructions that
24       both parties agree are appropriate for trial. These jury instructions will be
         read at the end of the case. The parties shall submit the stipulated final jury
25       instructions in the exact order they want them read to the jury. A citation to

26

27       [1]The Court notes that Plaintiff filed a motion to continue related to the submission of jury
     instructions, but then filed some proposed instructions several days later; as such, the motion (Doc.
28   56) is denied as moot.

the model jury instruction number or other authority is all that is required in relation to stipulated final jury instructions. (c) One joint set of jury instructions that the parties can not agree on. The party advancing a disputed jury instruction shall briefly explain why that instruction is appropriate and cite authority to support the proposed jury instruction. Immediately after the explanation supporting the disputed jury instruction, the opposing party shall briefly explain why that instruction is inappropriate and cite authority to support the opposition. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

*See* Doc. 25.

### *Stipulated Preliminary and Final Jury Instructions*

The Court has reviewed the parties' stipulated jury instructions. *See* Doc. 51, 55. But for a few exceptions noted below, all of the parties' stipulated jury instructions are accepted; nearly all of the stipulated jury instructions are Ninth Circuit Model Civil Jury Instructions, appear appropriate for this trial, and are stipulated such that the Court considers any objections to them waived.

However, stipulated preliminary jury instruction No. 17 (Doc. 51 at p. 18) and stipulated final jury instruction No. 9 (Doc. 55 at p. 8) are rejected.  The authority cited for these instructions is "Federal Jury Practice and Instructions . . . (4th ed.)."  The authority cited for these instructions is outdated by at least 11 years as a 5th edition of this treatise was issued in 2000.  Furthermore, the authority cited within the treatise for the proposed instructions does not appear to rely on any Ninth Circuit authority, does not stem from §1983 cases, and is otherwise unwarranted in light of the other Ninth Circuit Model Civil Instructions that will be read to the jury.

As to stipulated final jury instruction No. 6, this instruction is accepted in part as it is drawn from Ninth Circuit Model Civil Jury Instruction 5.1; however, the instruction submitted omits any reference to the specific type of damages that are contemplated and cross-referenced with Ninth Circuit Model Civil Jury Instruction 5.2.  As such, the proposed instruction will be modified to the extent it adds the following relevant language: "In determining the measure of damages, you should consider:  The nature and extent of the injuries; the disability, disfigurement, and loss of enjoyment of life

1  experienced and which with reasonable probability will be experienced in the future; the

2  mental, physical, and emotional pain and suffering experienced and which with

3  reasonable probability will be experienced in the future." *See* Ninth Circuit Model Civil

4  Jury Instruction 5.2.

5        Likewise, as to stipulated final jury instruction No. 8, this instruction is accepted in

6  part as it is drawn from Ninth Circuit Model Civil Jury Instruction 5.5; however, the

7  instruction submitted omits a couple of sentences from 5.5 that are appropriate and will

8  be included.  As such, the proposed instruction will be modified to the extent it adds the

9  following relevant language: "If you find that punitive damages are appropriate, you must

10  use reason in setting the amount. Punitive damages, if any, should be in an amount

11  sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy

12  toward any party. In considering the amount of any punitive damages, consider the degree

13  of reprehensibility of the defendant's conduct."

14        *Disputed Jury Instructions*

15        As to the disputed instructions (Doc. 54), all of them (except one) is accepted as

16  the majority are based on the Ninth Circuit Model Civil Jury Instructions, are supported

17  by Supreme Court or Ninth Circuit authority, and are otherwise appropriate for trial.  The

18  Court notes that these disputed instructions are advanced by Defendant, and Plaintiff has

19  done nothing to dispute the propriety of these instructions.  The Court notes, however,

20  that disputed final jury instruction No. 4 tracks the language of Ninth Circuit Model Civil

21  Jury Instruction 9.24 very closely, but has language that diverges from the model

22  instruction on several occasions.  To the extent this proposed instruction diverges from

23  the model instruction, it is rejected; rather, the Court will read Ninth Circuit Model Civil

24  Jury Instruction 9.24 verbatim to the jury.

25        Lastly, the Court notes that Plaintiff submitted a document entitled "stipulated

26  final jury instructions." *See* Doc. 59.  However, a review of that document reflects the

27  following: it does not comply with the Court's Order; the instructions are not stipulated

28

instructions; the instructions are simply photocopies of model instructions that have not been modified to the specifics of this case; the instructions partially overlap with other instructions discussed and accepted above; and many of the instructions are totally irrelevant[2] to this case.  These instructions (Doc. 59) are rejected.

The Court has attached the Preliminary and Final Jury Instructions that will be used at trial.  Absent unexpected circumstances that arise during trial that necessitate additional instructions, revisions, or deletions, the Court will not entertain any arguments pertaining to jury instructions at trial.

**Verdict Form and Proposed Voir Dire**

Defendant submitted a proposed verdict form and voir dire, but Plaintiff did not.

As to the proposed verdict form submitted by Defendant, the Court notes that question number 1 is unnecessary as it is subsumed within question number 2, and it does not address nominal or punitive damages.  The Court will not use the verdict form submitted by Defendant.  The Court has attached the verdict form that will be used at trial.  Absent unexpected circumstances that arise during trial that necessitate additional revisions, the Court will not entertain any arguments pertaining to the verdict form at trial.

As to voir dire, the Court conducts its own voir dire and the parties were given a sample voir dire script the Court used in a previous prisoner civil rights trial.  Some of the proposed voir dire submitted by Defendant overlaps with voir dire that will be conducted by the Court.  To the extent Defendant or Plaintiff feels the need to conduct voir dire after the Court has finished its voir dire, each side will be permitted a maximum of 30 minutes to ask questions of the jury they feel are necessary and not adequately covered by the Court.

Lastly, the Court reminds the parties to refer to the Court's 5/24/11 pretrial Order

---

[2]For example, some the photocopied instructions deal with railroad employees, ADA claims, and First Amendment claims; none of these are at issue given the present posture of this case.

1  (Doc. 45) in regards to the requirements pertaining to exhibit and deposition binders, the

2  number of jurors, and the number of peremptory strikes.  In conjunction with this Order,

3  the Court will be issuing a writ to secure Plaintiff's attendance at the jury trial in this

4  case.[3]

5

6        DATED this 17th day of October, 2011.

7

8

9

10  _____

11            **Frank R. Zapata**

       **Senior United States District Judge**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

[3]Plaintiff's motion to appoint counsel (Doc. 61) is denied for the same reasons stated in

28  previous Orders denying motions to appoint counsel.

- 8 -

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11
12

**RICKEY O'ROY,**                              1:05-CV-00339 -FRZ

13
                                    Plaintiff,    **PRELIMINARY JURY INSTRUCTIONS**
14
                        **v.**
15
16   **CORRECTIONAL OFFICER MARES,**
17
                                    Defendant.
18
19
20
21
22
23
24
25
26
27
28
                                       1

1   Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on

2   the law.  You must not infer from these instructions or from anything I may say or do as

3   indicating that I have an opinion regarding the evidence or what your verdict should be.

4   It is your duty to find the facts from all the evidence in the case.  To those facts you will

5   apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

6   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

7   prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

8   you.  You will recall that you took an oath to do so.

9   In following my instructions, you must follow all of them and not single out some and

10  ignore others; they are all important.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   To help you follow the evidence, I will give you a brief summary of the positions of the

2   parties:

3   The party who brings a lawsuit is called the Plaintiff.  The Plaintiff in this case is Rickey

4   O'Roy.  He is representing himself, which means that, in addition to his role as the plaintiff, he is

5   acting as his own attorney in the trial.  The party against whom the suit is brought is called the

6   Defendant.  The Defendant in this case is Eric Mares.

7   When the events in question took place, Plaintiff was a state prisoner housed at the

8   California State Prison, Corcoran, in Corcoran, California.  At the time, Defendant worked at the

9   California State Prison, Corcoran as a Correctional Officer.  The Defendant is represented by

10  Deputy Attorney General Matthew W. Kubicek from the State of California, Department of

11  Justice.

12  In this case, Plaintiff claims that Defendant deprived him of his Eighth Amendment Rights

13  under the U.S. Constitution.  Plaintiff alleges that Defendant Mares used excessive force when he

14  shot the Plaintiff with a rubber projectile from a rifle while the Plaintiff was lying on his stomach

15  in a prone position while two other inmates fought each other nearby.  As a result, Plaintiff

16  alleges that Defendant harmed him.

17

18

19

20

21

22

23

24

25

26

27

28

1          This is not an action against the State of California or against the California Department of

2   Corrections and Rehabilitation or any prison of the California Department of Corrections and

3   Rehabilitation.  This is an action against Defendant Mares.

4          Whether the State of California would or would not reimburse Defendant is irrelevant and

5   should not be considered.

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits which are received into evidence; and

3.     any facts to which the parties have agreed.

1    In reaching your verdict, you may consider only the testimony and exhibits received into

2 evidence.  Certain things are not evidence, and you may not consider them in deciding what the

3 facts are.  I will list them for you:

4    (1)  Arguments and statements by lawyers are not evidence.  Defendant's lawyers are not

5 witnesses.  What Plaintiff and Defendant's lawyers have said in their opening statements, and will

6 in their closing arguments, and at other times is intended to help you interpret the evidence, but it

7 is not evidence.  If the facts as you remember them differ from the way Plaintiff and Defendant's

8 lawyers have stated them in their opening statements or closing arguments, your memory of them

9 controls.

10    (2)  Questions and objections by Plaintiff and Defendant's lawyers are not evidence.

11 Plaintiff and Defendant's lawyers may object when they believe a question is improper under the

12 rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

13    (3)  Testimony that has been excluded or stricken, or that you have been instructed to

14 disregard, is not evidence and must not be considered.  In addition sometimes testimony and

15 exhibits are received only for a limited purpose; when I give a limiting instruction, you must

16 follow it.

17    (4)  Anything you may have seen or heard when the court was not in session is not

18 evidence.  You are to decide the case solely on the evidence received at the trial.

19

20

21

22

23

24

25

26

27

28

1    Some evidence may be admitted for a limited purpose only.  When I instruct you that an

2    item of evidence has been admitted for a limited purpose, you must consider it only for that

3    limited purpose and for no other.

1       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

2   testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

3   evidence is proof of one or more facts from which you could find another fact.  You should

4   consider both kinds of evidence.  The law makes no distinction between the weight to be given to

5   either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

6   evidence.

7       By way of example, if you wake up in the morning and see that the sidewalk is wet, you

8   may find from that fact that it rained during the night.  However, other evidence, such as a turned

9   on garden hose, may provide a different explanation for the presence of water on the sidewalk.

10  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

11  consider all the evidence in the light of reason, experience, and common sense.

1    There are rules of evidence that control what can be received into evidence.  When a lawyer

2    or a party representing himself asks a question or offers an exhibit into evidence and the other

3    party thinks that it is not permitted by the rules of evidence, the party who questions the

4    admissibility may object.  If I overrule the objection, the question may be answered or the exhibit

5    received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be

6    received.  Whenever I sustain an objection to a question, you must ignore the question and must

7    not guess what the answer might have been.

8    Sometimes I may order that evidence be stricken from the record and that you disregard or

9    ignore the evidence.  That means that when you are deciding the case, you must not consider the

10   evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1    I will now say a few words about your conduct as jurors.

2    First, keep an open mind throughout the trial, and do not decide what the verdict should be

3    until you and your fellow jurors have completed your deliberations at the end of the case.

4    Second, because you must decide this case based only on the evidence received in the case

5    and on my instructions as to the law that applies, you must not be exposed to any other

6    information about the case or to the issues it involves during the course of your jury duty.  Thus,

7    until the end of the case or unless I tell you otherwise:

8    Do not communicate with anyone in any way and do not let anyone else communicate with

9    you in any way about the merits of the case or anything to do with it.  This includes discussing the

10   case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any

11   Internet chat room, blog, Web site or other feature.  This applies to communicating with your

12   fellow jurors until I give you the case for deliberation, and it applies to communicating with

13   everyone else including your family members, your employer, and the people involved in the

14   trial, although you may notify your family and your employer that you have been seated as a juror

15   in the case.  But, if you are asked or approached in any way about your jury service or anything

16   about this case, you must respond that you have been ordered not to discuss the matter and to

17   report the contact to the court.

18   Because you will receive all the evidence and legal instruction you properly may consider

19   to return a verdict: do not read, watch, or listen to any news or media accounts or commentary

20   about the case or anything to do with it; do not do any research, such as consulting dictionaries,

21   searching the Internet or using other reference materials; and do not make any investigation or in

22   any other way try to learn about the case on your own.

23

24

25

26

27

28

1      The law requires these restrictions to ensure the parties have a fair trial based on the same

2  evidence that each party has had an opportunity to address.  A juror who violates these

3  restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside

4  information, please notify the court immediately.

1      During deliberations, you will have to make your decision based on what you recall of the

2  evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the

3  testimony as it is given.

4      If at any time you cannot hear or see the testimony, evidence, questions or arguments, let

5  me know so that I can correct the problem.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     If you wish, you may take notes to help you remember the evidence. If you do take notes,

2  please keep them to yourself until you and your fellow jurors go to the jury room to decide the

3  case. Do not let note-taking distract you. When you leave, your notes should be left in the jury

4  room. No one will read your notes. They will be destroyed at the conclusion of the case.

5     Whether or not you take notes, you should rely on your own memory of the evidence.

6  Notes are only to assist your memory. You should not be overly influenced by your notes or

7  those of your fellow jurors.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Trials proceed in the following way:  First, each side may make an opening statement.  An

2  opening statement is not evidence.  It is simply an outline to help you understand what that party

3  expects the evidence will show.  A party is not required to make an opening statement.

4    Plaintiff will then present evidence, and counsel for Defendant may cross-examine.  Then

5  Defendant may present evidence, and Plaintiff may cross-examine.

6    After the evidence has been presented, I will instruct you on the law that applies to the case

7  and Plaintiff and Defendant's attorneys will make closing arguments.

8    After that, you will go to the jury room to deliberate on your verdict.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  When a party has the burden of proof on any claim by a preponderance of the evidence, it

2 means you must be persuaded by the evidence that the claim is more probably true than not true.

3  You should base your decision on all of the evidence, regardless of which party presented

4 it.

1   From time to time during the trial, it may become necessary for me to talk with the parties

2   out of the hearing of the jury, either by having a conference at the bench when the jury is present

3   in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are

4   working.  The purpose of these conferences is not to keep relevant information from you, but to

5   decide how certain evidence is to be treated under the rules of evidence and to avoid confusion

6   and error.

7   Of course, we will do what we can to keep the number and length of these conferences to a

8   minimum.  I may not always grant a party's request for a conference.  Do not consider my

9   granting or denying a request for a conference as any indication of my opinion of the case or of

10   what your verdict should be.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     The evidence that a witness has been convicted of a crime may be considered, along with

2     all other evidence, in deciding whether or not to believe the witness and how much weight to give

3     to the testimony of the witness and for no other purpose.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICKEY O'ROY,** | 1:05-CV-00339 -FRZ |
| Plaintiff, | **FINAL JURY INSTRUCTIONS** |
| **v.** | |
| **CORRECTIONAL OFFICER MARES,** | |
| Defendant. | |

1

1    Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct

2    you as to the law of the case.

3    A copy of these instructions will be sent with you to the jury room when you deliberate.

4    You must not infer from these instructions or from anything I may say or do as indicating

5    that I have an opinion regarding the evidence or what your verdict should be.

6    It is your duty to find the facts from all the evidence in the case.  To those facts you will

7    apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

8    with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

9    prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

10   you.  You will recall that you took an oath to do so.

11   In following my instructions, you must follow all of them and not single out some and

12   ignore others; they are all important.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that

2 any person or persons who, under color of law, deprives another of any rights, privileges, or

3 immunities secured by the Constitution or laws of the United States shall be liable to the injured

4 party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    In order to prevail on his § 1983 claims, Plaintiff must prove each of the following elements

2  by a preponderance of the evidence:

3       1.    Defendant acted under color of law; and

4       2.    The acts of Defendant deprived Plaintiff of his particular rights under the United

5  States Constitution as explained in later instructions.

6       A person acts "under color of law" when the person acts or purports to act in the

7  performance of official duties under any state, county, or municipal law, ordinance, or regulation.

8       If you find Plaintiff has proved each of these elements, and if you find that Plaintiff has

9  proved all the elements he is required to prove under the instructions concerning Plaintiff's

10  specific civil rights claims that I will give you momentarily, your verdict should be for Plaintiff.

11  If, on the other hand, Plaintiff has failed to prove any one or more of these elements, your verdict

12  should be for Defendant.

1     In order to establish that the acts of Defendant deprived Plaintiff of his particular rights

2  under the United States Constitution as explained in later instructions, Plaintiff must prove by a

3  preponderance of the evidence that the acts were so closely related to the deprivation of Plaintiff's

4  rights as to be the moving force that caused the ultimate injury.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

As previously explained, the plaintiff has the burden to prove that the acts of the defendant deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the Eighth Amendment to the Constitution when the defendant used excessive force by purposely shooting plaintiff with a rubber projectile.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." In order to prove the defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the defendant used excessive and unnecessary force under all of the circumstances;

2. the defendant acted maliciously and sadistically for the purpose of causing harm; and

3. the acts of the defendant caused harm to the plaintiff.

In determining whether the defendant used excessive force in this case, consider the need to use force, the relationship between that need and the amount of force used, whether defendant applied the force in a good faith effort to maintain or restore discipline, any threat reasonably perceived by the defendant, any efforts made to temper the severity of a forceful response, and the extent of the injury suffered. In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

Negligence is not a sufficient basis for imposing liability in this case. "Negligence" means a failure to use reasonable care. Negligence means doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonable person would do under similar circumstances.

This means that even if you find that the Defendant was negligent in this case, and that his negligence resulted in Plaintiff's injuries, you may not find the Defendant liable. An act is not "punishment" unless it is deliberately done for a punitive purpose. Therefore, a negligent act does not violate the Eighth Amendment rule against cruel and unusual punishment.

1    It is the duty of the Court to instruct you about the measure of damages.  By instructing you

2  on damages, the Court does not mean to suggest for which party your verdict should be rendered.

3    If you find for Plaintiff, you must determine Plaintiff's damages.  Plaintiff has the burden of

4  proving damages by a preponderance of the evidence.  Damages means the amount of money that

5  will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant.

6  In determining the measure of damages, you should consider:  the nature and extent of the

7  injuries; the disability, disfigurement, and loss of enjoyment of life experienced and which with

8  reasonable probability will be experienced in the future; the mental, physical, and emotional pain

9  and suffering experienced and which with reasonable probability will be experienced in the

10  future.

11    It is for you to determine what damages, if any, have been proved.

12    Your award must be based upon evidence and not upon speculation, guesswork or

13  conjecture.

8

The law which applies to this case authorizes an award of nominal damages.  If you find for Plaintiff but you find that Plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

1    If you find for Plaintiff, you may, but are not required to, award punitive damages.  The

2    purposes of punitive damages are not to compensate a Plaintiff, but to punish Defendant and to

3    deter Defendant and others from committing similar acts in the future.

4    Plaintiff has the burden of proving that punitive damages should be awarded, and the

5    amount, by a preponderance of the evidence.  You may award punitive damages only if you find

6    that the Defendant's conduct was malicious, oppressive or in reckless disregard of Plaintiff's

7    rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

8    injuring another.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances,

9    it reflects complete indifference to Plaintiff's safety or rights, or Defendant acts in the face of a

10   perceived risk that its actions will violate Plaintiff's rights under federal law.  An act or omission

11   is oppressive if the person who performs it injures or damages or otherwise violates the rights of

12   Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or

13   power or by the taking advantage of some weakness or disability or misfortune of Plaintiff.

14   If you find that punitive damages are appropriate, you must use reason in setting the

15   amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

16   should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any

17   punitive damages, consider the degree of reprehensibility of the defendant's conduct.

18

19

20

21

22

23

24

25

26

27

28

10

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

1       A verdict form has been prepared for you.  After you have reached unanimous agreement

2 on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

3 and advise the court that you are ready to return to the courtroom.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Rickey O'Roy,                               CASE NO. 1:05-00339-FRZ

                Plaintiff,        **SPECIAL VERDICT**

    v.

Correctional Officer Mares,

                Defendant.                    /
_____

    We, the jury in the above-entitled action, find the following special verdict on the questions submitted to us:

**Question No. 1:**

    Did Defendant Mares cause harm to Plaintiff O'Roy by maliciously and sadistically using excessive and unnecessary physical force against Plaintiff for the purpose of causing harm?

    Answer:     Yes    _____

                   No    _____

    If you answered "yes" to Question No. 1, proceed to Question No. 2.  If you answered "no" to Question No. 1, sign, date, and return this verdict.

**Question No. 2:**

    What, if any, is the amount of compensatory damages you award to Plaintiff O'Roy and against Defendant Mares for using excessive physical force against Plaintiff?

    $_____

If you entered an amount more than $0, proceed to Question No. 4.  If you entered $0, proceed to Question No. 3.

**Question No. 3:**

If you have found that Plaintiff O'Roy is not entitled to compensatory damages and you have found that Defendant Mares used excessive physical force against Plaintiff, you must award an amount of nominal damages not to exceed $1.00.  What is your award of nominal damages?

$\underline{\hspace{2cm}}$

Proceed to Question No. 4.

**Question No. 4:**

As to the issue of punitive damages, was Defendant Mares' conduct in using excessive physical force against Plaintiff O'Roy malicious, oppressive or in reckless disregard of Plaintiff's rights?

Answer:     Yes     $\underline{\hspace{1.5cm}}$

No     $\underline{\hspace{1.5cm}}$

If you answered "yes" to Question No. 4, what is the amount of punitive damages you award to Plaintiff O'Roy and against Defendant Mares?

$\underline{\hspace{2cm}}$

* * *

Sign, date, and return this verdict.

DATED: December _____, 2011

$\underline{\hspace{5cm}}$

FOREPERSON